## GROOM vs. HILL.

1. An application to a Register, and a deposit of money with him, in the absence of the Receiver, can give no right in law or equity, to the land applied for.

2. Of two certificates of entry, no patent being issued on either, the oldest will hold the land, there being no evidence of fraud, illegality, or irregularity in the entry.

3. Evidence that the Commissioner of the General Land Office had cancelled the first entry, no patent being issued on the second, will not affect the right of the party claiming under the oldest entry.

## ERROR to Montgomery.

WRIGHT, for the plaintiff in error.

### POINTS.

1. That if the record of former recovery was not good under the issue of *nul tiel*— yet that it was good evidence under the general issue, and might thus constitute a good defence to the second count, and consequently a good bar to the whole action, since the defendant below was found not guilty under the first count.

2. The motion for a new trial ought to have been sustained—because the bill of exceptions does not state that the plaintiff below, *introduced* any evidence showing in himself a legal right to the possession of the premises mentioned in either count—but only that "he offered in evidence" a Receiver's receipt for the land described in the second count. For aught that appears, it was not actually read as evidence in the cause.

3. But if it were actually introduced and read in evidence, it furnishes no evidence of the legal right of possession in the plaintiff below, to the land described in it. The patent certificate of the Register, is the only legal evidence of the purchase from the government, except the patent.

4. The better evidence of title—of legal right to the possession of the premises, was shown to be in the defendant below. He was in possession, and that is good, if I be right in my last position; and if I am wrong in that, he was the first applicant, and as such, was entitled to the land.

CARTY WELLS, for the Defendant in error.

NAPTON, J. delivered the opinion of the court.

This was an action of ejectment, brought by Hill, the defendant in error, to recover possession of a tract of land in Montgomery county. The declaration contained two counts; in the first, the plaintiff claimed the east half of the n. w. qr. of S. 32, T. 47, R. 5, and in the second count he claimed 40 acres, part of the 80 acre tract in the first count mentioned. The defendant pleaded the general issue, and also the plea of former recovery. To the plea of former recovery, the plaintiff replied *nul tiel record*. Upon the trial of the issues, the defendant, to support his plea of former recovery, offered in evidence the record of a former suit between the same parties, concerning the 40 acre tract mentioned in the second count of the declaration, which record, as we learn from the bill of exceptions, was rejected, because of variance. Upon the general issue, the plaintiff offered in evidence, the Receiver's receipt for the east half of the n. w. qr. of S. 32, T. 47, R. 5. The defendant then submitted proof, showing that on the first of February, 1833, he sent an agent to St. Louis to enter the 40 acre tract described in the second count of the declaration; that said agent applied to the Register to enter said tract, but was informed that it could not be entered, as there was at that time a vacancy in the office of Receiver, but that he might leave his money with him until a Receiver was appointed. This was accordingly done. During the month of August following, hearing of the appointment of a Receiver, the defendant again sent his agent to St. Louis for the purpose of entering the land, but it was discovered that plaintiff had in the mean time entered it. The Register, however, informed the defendant's agent, that he would write to the Commissioner of the General Land Office, and have Hill's entry cancelled. A correspondence between the said Commissioner and the officers at St. Louis, was then read in evidence, from which it seemed that the Commissioner had in fact vacated Hill's entry, and directed the land officers to allow Groom to enter, and ordered Hill's money to be repaid. The money was tendered to Hill, but declined. Groom's receipt was dated 16th August, 1833.

21

The court, the parties having dispensed with a jury, found the issues for the plaintiff, Hill, and rendered judgment accordingly. No instructions were asked, or rather the court was not called upon to decide any point of law. There was a motion for a new trial, which was overruled.

The plea of former recovery, is so essentially defective, that we conceive the determination of the issue arising out of that plea, to be immaterial. The plea only averred a judgment for costs, and the record produced, showed nothing more.

Waiving the point of practice about which the counsel have been silent, we are clearly of opinion that the finding of the court upon the general issue, assuming the facts to have been as the evidence seemed to establish, was in accordance with the law.

The application of Groom in February, 1833, at the Land Office—his deposit of the money with the Register, and the memorandum made by the Register of these facts, we consider entirely out of the case. Such application confers no title either in law or equity. No sale of the land could take place in the absence of a Receiver, and the action of the Register in receiving the money, and taking a note of the time of its receipt, was entirely unofficial. Matthews vs. Zane, 7 Whea. R. 164.

The question is then narrowed down to the relative value of an entry made in March, 1833, and a subsequent entry of the same land in the following August, no patent being issued in either case, and no imputation of fraud on either transaction. Both titles being of equal dignity; the one prior in time must prevail.

As to the proceedings at Washington, subsequent to the sale of the land to Hill, in which it seems, the Commissioner of the General Land Office, undertook to vacate the entry and authorized the return of the purchase money, it is not perceived how those proceedings, admitting them to have been properly authenticated, and duly authorized by law, could affect the merits of Hill's title. If Hill's entry was illegal or void, that fact would be shown, but it must be shown to the satisfaction of the court, in which the action is pending. It is probably the duty of the Commissioner to revise the proceedings of the Register and Receiver, and vacate entries which may have been illegally made, and thereby arrest the completion of the title originating in fraud, mistake, or in violation of law, but until his action assumes a shape recognized by law, it cannot affect the previous sale. That sale stands for what it was worth, at the time it was made, and cannot be vitiated or annulled by any subsequent ex-parte proceedings of the officers, provided it was

legal and valid at the time it was made; and of its legality and validity, the courts must necessarily be the judges.

It will be perceived, that no opinion is intended to be expressed in relation to a case where the United States issue a patent to one for a tract of land previously sold by the Register and Receiver to another. In the present case, the title still remains in the United States, and two individuals have obtained evidences of title to the same tract of land, of the same dignity, and all that is intended to be decided, is, that in the absence of all proof showing any fraud, or illegality, or irregularity, in the oldest entry, that must prevail over a subsequent entry. The United States in this particular, is like any other land proprietor; and if A. give a deed for a piece of land to B. to-day, and to-morrow convey the same land to C. it would hardly be contended in an action of eject-ment, brought by B. against C., that A's. action in granting the land to C. could at all invalidate the title of B. If the first deed to B. were made by A., under duress, or procured by fraud, or made during his infancy, these facts could be shown, but the mere fact that A. on the next day, attempted to convey the same land to another, would be no evidence to impeach the validity of the first deed.

Judgment affirmed.